IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| vs. | * | No. 4:06CV00612 SWW |
| | * | (No: 4:03CR00274-01 SWW) |
| FREDERICK FREEMAN CRAIGLOW | * | |
| | * | |
| Petitioner. | * | |

**Memorandum Opinion and Order**

Petitioner Frederick Freeman Craiglow pleaded guilty to mail fraud in June 2004, and the Court sentenced him in November 2004 to 41 months imprisonment under the sentencing guidelines. In light of *Blakely v. Washington,* 542 U.S. 296 (2004)[1], the Court announced alternative sentences: 41 months in the event the sentencing guidelines were found to be unconstitutional in their entirety, and 24 months in the event the sentencing guidelines are held only to be partially unconstitutional, and in the event the *Blakely* decision severs the constitutional provisions from the unconstitutional of the guidelines.[2] Defendant appealed, arguing the Court imposed a sentence contrary to the principles set forth in *United States v. Booker*, 543 U.S. 200 (2005), and erred in determining the amount of loss. The Eighth Circuit affirmed. *United States v. Craiglow,* 432 F.3d 816 (8th Cir. 2005).

---

[1] In *Blakely*, the Supreme Court held unconstitutional a state sentencing scheme that allowed the sentencing court to sentence a defendant based on facts not admitted by the defendant or found beyond a reasonable doubt by a jury as a violation of the Sixth Amendment.

[2] *See* docket entry 44, Order dated November 15, 2004, *U. S. v. Craiglow,* 4:03cr00274-001 SWW.

Now before the Court is Craiglow's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government responded in opposition to the motion. For the reasons that follow, the Court finds that the motion should be denied.

Petitioner Craiglow, who was represented by the Office of the Federal Public Defender, asserts he received ineffective assistance of counsel. Specifically, Craiglow complains his counsel failed to object to the Court imposing alternate sentences; failed to file a Rule 35 motion to correct his sentence because of the alternative sentencing scheme utilized; failed to raise the alternate sentencing issue on appeal; and failed to request a rehearing or rehearing *en banc*.

To establish that he was deprived of effective assistance of counsel, Craiglow must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The court need not address both components if the petitioner makes an insufficient showing on one of the prongs. *Id.* at 697.

When examining whether an attorney has failed to meet the *Strickland* standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Furthermore, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. The correct inquiry is not whether counsel's decision was correct or wise, but whether it "was an unreasonable one which only an incompetent attorney would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417 (8th Cir. 1983).

The prejudice prong requires Craiglow to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). "Prejudice, for purposes of an ineffective assistance of counsel claim, means that 'one's confidence in the outcome of the trial is undermined.'" *United States v. Flynn,* 87 F.3d 996, 1000-01 (8th Cir. 1996) (citations omitted).

The Court held a lengthy sentencing hearing in this matter on November 4, 2004. Anticipating that the Supreme Court soon would address the issue of whether *Blakely* applied to the Federal Sentencing Guidelines, the Court announced it would be sentencing Craiglow under several alternative scenarios. Petitioner did not object. The government called six witnesses, and Craiglow testified on his own behalf. From the testimony, the Court found the amount of loss was $1,398,322.71. The Court also entered an order of restitution for the full amount of the loss.

The first sentence the Court imposed was a term of 41 months. This sentence was arrived at under the Guidelines, as if the *Blakely* decision had not been decided.[3] The Court then proceeded to impose two alternate sentences. The first alternate sentence was the "*Blakely*-type sentence," where the Court stated it would follow the Guidelines for the offense level and for what Craiglow admitted to[4] but would not increase the Guideline offense level for anything that requires a judicial finding of fact.[5] The Court imposed this alternate sentence of 24 months

---

[3] Sentencing Tr. at 264.

[4] Petitioner admitted a loss of more than $200,000 but less than $400,000. *Id.* at 268.

[5] *Id.* at 7, 269.

imprisonment.  The second alternative sentence was to take effect in the event that the Supreme Court held the Sentencing Guidelines unconstitutional in their entirety.  Using the Guidelines as merely advisory, the Court announced an alternate sentence of 41 months imprisonment.[6]  Under all the scenarios, Craiglow was ordered to make restitution in the amount of $1,398,322.71.

The Supreme Court handed down its decision in *Booker* on January 12, 2005.  The Supreme Court concluded that the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant.  The Supreme Court severed the provision of the Sentencing Reform Act that made the sentencing guidelines mandatory and stated: "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing.  The courts of appeals review sentencing decisions for unreasonableness."  534 U.S. at 264 (citations omitted).

In determining Craiglow's sentence, this Court employed an alternative sentencing scheme so that it would not be required to conduct a second sentencing hearing regardless of the eventual disposition of the *Booker* case.  This alternative sentencing scheme was in conformity with what the Supreme Court subsequently directed the courts to do in *Booker*.  The alternative sentence of 41 months was to be imposed in the event the Guidelines did not have mandatory effect.  This sentence was the exact same sentence the Court rendered under mandatory Guidelines.  Inherent in the Eighth Circuit's opinion in Craiglow's appeal is its recognition of the utility of the Court's procedure.  This procedure allowed the Eighth Circuit to conduct its

---

[6]*Id.* at 270.


review knowing full well what sentence the Court would have imposed if the Guidelines were not binding.

Petitioner Craiglow insists that the Court's alternate sentence of 24 months is the one that is applicable to his case, and his attorney was ineffective in failing to pursue the issue. In the sentencing Order dated November 15, 2004, the Court stated: "In the event that the Sentencing Guidelines are ruled only to be partially unconstitutional and in the event the *Blakely* decision severs the constitutional from the unconstitutional of the Guidelines . . . [t]he Court finds that it would be appropriate to sentence defendant to a term of 24 MONTHS imprisonment in this instance."[7]

In *Booker*, the Supreme Court extended its Sixth Amendment *Blakely* holding to the sentencing guidelines. The Supreme Court stated: "[E]veryone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the [Sentencing Reform Act] the provisions that make the Guidelines binding on district judges." 543 U.S. at 233. To remedy the Sixth Amendment concern with the guidelines, the Supreme Court excised the portions of the Sentencing Reform Act that made the guidelines mandatory, leaving an advisory regime in its place. 543 U.S. at 259. Petitioner Craiglow argues that because the Supreme Court severed the constitutional provisions from the unconstitutional provisions, the 24 month sentence is the one applicable to him.

The record is clear that the Court found 41 months imprisonment was an appropriate sentence regardless of whether the Guidelines were constitutional. An objection to the alternative sentencing scheme utilized would not have made any difference in Craiglow's

---

[7]*See* docket entry 44.

sentence. It was the determination of this Court (and the Eighth Circuit) that 41 months was a reasonable sentence. The Court finds Craiglow fails to establish his counsel's conduct was prejudicial.

IT IS THEREFORE ORDERED that petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

DATED this 27th day of June 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE